UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRISSON and
KELLY BRISSON,

       Plaintiffs,                  CIVIL ACTION NO. 13-13070

                                      DISTRICT JUDGE JULIAN ABELE COOK

       v.                           MAGISTRATE JUDGE MARK A. RANDON

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 4)**

**I.    INTRODUCTION**

This is a consumer lending action. Plaintiffs, Dennis and Kelly Brisson (collectively "the Brissons"), seek to undo the foreclosure and sheriff's sale of their home in Troy, Michigan ("the Property"), rescind or modify the underlying mortgage, and receive monetary damages. The Brissons allege that the terms of their loan, and eligibility for refinancing and modification, were misrepresented. They also claim collection efforts were taken in violation of state and federal fair debt collection laws. The Brissons sued Federal Home Loan Mortgage Corporation ("FHLMC"). But, FHLMC had no involvement in any of the alleged wrongdoing: it purchased the Property at a sheriff's sale and was not the original lender, an assignee of the mortgage and note, or a participant in the foreclosure or collection activities.

FHLMC's motion for summary judgment and to dismiss the Brissons' Complaint is pending (Dkt. No. 4). The Brissons responded (Dkt. No. 6); the Court dispenses with oral argument. *See* E.D. Mich. LR 7.1(f)(2). Because the Brissons' Complaint fails to state a claim, this Magistrate Judge **RECOMMENDS** that FHLMC's motion be **GRANTED** and the Brissons' Complaint be **DISMISSED**.

## II.     BACKGROUND

### A.     *The Loan and Foreclosure Proceedings*

On October 6, 2004, Mr. Brisson borrowed $141,800.00 from Continental Mortgage Corporation, U.S.A. ("Continental"); he promised to repay the loan in 360 monthly installments of $850.16 (Dkt. No. 4; Ex. A, Note). The Brissons secured the loan with a mortgage to Continental that encumbered the Property (Dkt. No. 4; Ex. B, Mortgage). The mortgage was recorded (Dkt. No. 4; Ex. C, Assignment of Mortgage) and subsequently assigned to Fifth Third Mortgage Company (*Id.*) At some point, Mr. Brisson stopped making payments on the loan.[1]

On October 5, 2012, Trott & Trott – which represented Fifth Third Bank – began foreclosure proceedings (Dkt. No. 4; Ex. D, Letter from Trott & Trott to Mr. Brisson). Trott & Trott sent Mr. Brisson a letter informing him that he could request a meeting, attempt to work out a loan modification, and avoid foreclosure (Dkt. No. 4; Ex. E). Mr. Brisson did not request a meeting. Instead, the Brissons claim they contacted "the Bank," which advised them that to modify the loan, Mr. Brisson should stop making his regular monthly payments (Dkt. No. 1 at

---

[1]This Magistrate Judge only refers to Mr. Brisson when discussing the loan, because he, alone, signed the Note.

¶11).[2] Mr. Brisson stopped making payments and submitted the required paperwork for a loan modification to "the Bank" (*Id.* at ¶¶ 13-16). The Brissons never received a decision regarding the loan modification (*Id.* at ¶¶ 16-17).

Meanwhile, a sheriff's sale occurred on December 11, 2012; FHLMC purchased the Property (Dkt. No. 4; Ex. F). FHLMC had no involvement with the property before the sale. Nevertheless, the Brissons sued FHLMC in the Oakland County Circuit Court on June 10, 2013 – one day before the redemption period expired. Mich. Comp. Laws § 600.3240(8) (redemption period expires after six months). FHLMC became the fee simple owner of the Property on June 11, 2013. Mich. Comp. Laws § 600.3236.[3] And, it removed the case to this Court on July 17, 2013 (Dkt. No. 1).

### B. *The Brissons' Complaint*

#### 1. **Count I - Fraudulent Misrepresentation**

The Brissons allege that the loan contained a balloon payment provision, which required Mr. Brisson to pay the entire balance after a period of years, but "the Bank" fraudulently misrepresented that he could refinance after two years to a "conventional" loan. According to the Brissons, when it came time to refinance, they were told they did not qualify because the Property lost value. The Brissons allege that "the Bank" knew or should have known that they

---

[2] The Brissons define "the Bank" as FHLMC and its predecessors in interest (Dkt. No. 6 at p. 3 n.1). But, FHLMC had no involvement with the Brissons' efforts to obtain a loan modification, and the Brissons do not allege privity between the entities. *See infra* note 4.

[3] Although the Brissons filed their lawsuit within the redemption period, they still lacked standing to make any claims with respect to the foreclosure: "the mere filing of an action does not give rise to tolling." *See Butts v. JP Morgan Chase Bank, N.A.*, No. 12-13282, 2012 WL 6194228, at *3 (E.D. Mich. Dec. 12, 2012) (citation omitted). And – as explained in this report and recommendation – the fraud exception does not apply.

would not qualify for a refinance. And, Mr. Brisson relied on "the Bank's" statements when he signed the Note.

The Brissons also allege that "the Bank" falsely represented that Mr. Brisson was eligible for a loan modification when it knew or should have known that he was not qualified for a modification. The Brissons contend that "the Bank's" misrepresentations caused Mr. Brisson to default.

### 2.     Count II - Promissory Estoppel

The Brissons allege that FHLMC, "by its representations, admissions and silence, intentionally or negligently induced [them] to execute the Loan Agreement under the guise that they would be able to refinance in two years [and] induced [them] to believe that a loan modification was available" (Dkt. No. 1 at ¶¶ 37, 41). The Brissons claim that Mr. Brisson would not have signed the Note but for FHLMC's misrepresentations.

### 3.     Count III - Negligence

The Brissons allege that FHLMC breached its duty to explain that Mr. Brisson may not have qualified for a refinance, and misled Mr. Brisson into executing the Note under the guise that a refinance would be guaranteed in two years. The Brissons claim Mr. Brisson would not have signed the Note had he been advised of all the facts.

The Brissons also allege that FHLMC breached its duty to conduct a reasonable inquiry into Mr. Brisson's eligibility for a loan modification, and improperly advised him to stop making monthly payments in order to obtain a loan modification.

        **4.    Count IV - Michigan Regulation of Collection Practices Act ("MRCPA") and Count V - Federal Debt Collection Practices Act ("FDCPA")**

The Brissons allege that – while Mr. Brisson was attempting to modify the loan – FHLMC sent them a notice informing them they had 30 days to dispute the validity of the debt. According to the Brissons, this communication was intended to mislead and deceive them so the foreclosure process could be expedited.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

> draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

    A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The Court's consideration of the document(s) does not require conversion of the motion to one for summary judgment. *Id.* In an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents "exchanged between Plaintiffs and their mortgage lender at the time of the mortgage transaction at issue[.]" *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524, at *1 n. 3 (E.D. Mich. Aug. 31, 2009). A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## IV. ANALYSIS

The Brissons argue that the relief that they request can only be obtained from FHLMC. They anticipate that the entities responsible for the wrongdoing would argue that they no longer have an interest in the property. The Brissons' argument is incorrect; simply purchasing the Property at a sheriff's sale does not make FHLMC liable for the actions of an unrelated original lender, its assigns or a mortgage servicer.[4] The Brissons' Complaint should be dismissed.

### A. *Fraudulent Misrepresentation*

Fraudulent misrepresentation requires the Brissons to prove six elements:

(1) [FHLMC] made a material representation; (2) the representation was false; (3) when [FHLMC] made the representation, [it] knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) [FHLMC] made the representation with the intention that [the Brissons] would act upon it; (5) [the Brissons] acted in reliance upon it; and (6) [the Brissons] suffered damage.

*M & D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 27 (1998) (citations omitted). The Brissons' Complaint fails on the first element; FHLMC did not have any involvement with the Note or represent that Mr. Brisson could refinance, or obtain a loan modification.

Count I should be dismissed for failure to state a claim.

### B. *Promissory Estoppel*

"The elements of equitable or promissory estoppel are (1) a promise; (2) that [FHLMC] should reasonably have expected to induce action of a definite and substantial character on the part of the [Brissons]; (3) which in fact produced reliance or forbearance of that nature; and (4)

---

[4] The Brissons have not alleged that FHLMC was in privity with Continental or Fifth-Third (via acquisition, merger or otherwise). Instead, in wholly conclusory fashion it asserts that the Brissons "entered an agreement . . . with [FHLMC's] predecessor in interest to refinance their home" (Pls. Compl. at ¶ 6).

in circumstances such that the promise must be enforced if injustice is to be avoided." *Marrero v. McDonnell Douglas Capital Corp.*, 200 Mich. App. 438, 442 (1993) (citation omitted).

Again, the Brissons' Complaint fails on the first element; FHLMC did not promise the Brissons a loan modification.

Count II should likewise be dismissed for failure to state a claim.

### C. *Negligence*

To succeed on their negligence claim, the Brissons must prove duty, breach, causation, and damages. *See Pressey Enterprises, Inc. v. Barnett-France Ins. Agency*, 271 Mich. App. 685, 687 (2006). The Brissons argue that FHLMC "owed them a duty not to lead them down a path where the only two possibilities were a loan modification or losing [the Property]" (Dkt. No. 6 at p. 8). However, "FHLMC was not a party to the Mortgage and Note, nor was it present at origination and/or the closing of the mortgage loan. FHMLC never told [the Brissons] they could refinance the subject Mortgage . . . in two years" (Dkt. No. 4 at p. 22 (CM/ECF)).

Count III should be dismissed for failure to state a claim.

### D. *MRCPA and FDCPA*

Finally, the Brissons' MRCPA and FDCPA claims should be dismissed for failure to state a claim. Trott & Trott – which was representing Fifth Third Bank at the time – sent the Brissons notice that they had 30 days to dispute the validity of the debt (Dkt. No. 4; Ex. D).

### V. CONCLUSION

Because the Brissons' Complaint fails to state a claim against FHLMC, this Magistrate Judge **RECOMMENDS** that FHLMC's motion be **GRANTED** and the Brissons' Complaint be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  August 21, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 21, 2013, by electronic and/or first class U.S. mail.*

          *s/Eddrey Butts*
          *Case Manager to Magistrate Judge Mark A. Randon*